IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILBERT FUNERAL SERVICES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-0656-DGK |
| ) | |
| S&S CREMATION URNS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO DISMISS OR TRANSFER

This case arises from allegations that Defendant S&S Cremation Urns violated the Lanham Act by engaging in unfair competition and diluting and infringing Plaintiff Wilbert Funeral Services' trademark and trade dress.

Pending before the Court is Defendant's "Motion to Dismiss for Improper Venue Or, In the Alternative, Motion for Change of Venue" (doc. 6). Defendant argues that venue is not proper in this district and that the case should be dismissed, or at least transferred to another district that is more convenient for the witnesses and parties. The Court holds that venue is proper in this district, and that Defendant has not carried its burden of showing a clear right to a transfer. The motion is DENIED.

### Standard

The Lanham Act contains no special venue provision, thus the general venue statute applies. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). It states that,

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to

personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). With respect to § 1391(a)(2), the language concerning "a substantial part of the events or omissions giving rise to the claim" means more than just "[e]vents or omissions that might only have some tangential connection with the dispute." *Cottman Transmission Sys., Inc.*, *v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Rather, this language "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* In determining whether venue is appropriate in a particular district, the analysis focuses on where the defendant's relevant activities took place. *Woodke*, 70 F.3d at 985. To survive a motion to dismiss for improper venue, however, the plaintiff need only make a prima facie showing of venue. *Quest, LLC v. Nalliah*, No. 06-0180-CV-W-FJG, 2006 WL 1966839, at *1 (W.D. Mo. July 11, 2006).

Turning to the question of transfer, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In enacting §1404, Congress intended to give district courts discretion to transfer cases "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted).

In deciding whether to grant a transfer, a plaintiff's choice of forum is generally "entitled to great weight and will not be lightly disturbed." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985); *see also De Melo v. Lederle Labs.*, 801 F.2d 1058, 1062 n.4 (8th Cir. 1986) ("There is ordinarily a strong presumption that a plaintiff's choice of forum will not be disturbed, absent a clear indication that it would be unnecessarily burdensome for the defendant or the court.") The plaintiff's choice is given less deference when the plaintiff does not reside in

the chosen forum, or when the transaction or underlying facts did not occur in the chosen forum. *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056-CV-W-GAF, 2006 WL 696461, at *4 (W.D. Mo. March 17, 2006). In making this determination the court weighs a variety of factors, including the convenience of the witnesses, the convenience of the parties, the availability of the judicial process to compel the attendance of unwilling witnesses, governing law, ease of access to sources of proof, the possibility of delay or prejudice if the transfer is granted, and practical considerations of where the case can be tried more expeditiously and inexpensively. *Houk*, 613 F. Supp. at 927. Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Id.* The party moving for transfer bears the burden of proof and must make a clear showing of the right to transfer. *Ozarks Coca-Cola*, 2006 WL 696461, at *4.

## Discussion

**I.    Venue is proper in the Western District of Missouri.**

Defendant argues that venue is not proper in this district because neither party resides here and a substantial part of the events giving rise to Plaintiff's claim did not occur here. Plaintiff contends a substantial part of the events giving rise to this lawsuit have occurred here.

The standard to survive a motion to dismiss for improper venue is a low one; the plaintiff need only make a prima facie showing of venue. The parties agree that neither party resides here: Plaintiff Wilbert Funeral is a corporation organized under the laws of Illinois with its principal place of business in Illinois, and S&S is a sole proprietorship organized in Ohio with its principal place of business in Ohio. Plaintiff argues, however, that Defendant's allegedly infringing activities have and continue to occur through the use of Defendant's website which is accessible in Missouri, that Defendant has advertised in the Western District, and that Defendant

3

has intentionally interfered with Plaintiff's business relationship with its franchisees in the state of Missouri. Plaintiff has also indicated that members of its management team, which are likely representatives at trial, are located in Kansas City, thus the Western District of Missouri is a convenient forum. The Court holds that although this is minimal, it is enough to make a prima facie showing of venue.

## II.     The case should not be transferred.

Defendant also argues that the case should be transferred, preferably to the Northern District of Ohio. Defendant points out that none of the parties reside in the Western District of Missouri, but Defendant and its employees, some of whom will be called to testify, reside in the Northern District of Ohio. Defendant also contends that forcing its employees to travel all the way to Missouri where only a tenuous connection with the litigation exists is contrary to the principals of venue.

Plaintiff responds that under Eighth Circuit law the plaintiff's choice of forum is entitled to great weight, that this litigation does have ties to the Western District of Missouri, that this forum is convenient to its management witnesses, and that transfer would simply shift the inconvenience of traveling from one set of witnesses to another.

The Court begins its analysis with the strong presumption in favor of the Plaintiff's choice of forum. While Plaintiff's choice is given less deference here because Plaintiff does not reside in this district and many of the underlying facts did not occur in this district, this forum is still convenient to many of the witnesses, and nothing in the record suggests that any other forum would be more convenient. Additionally no other factor, such as the availability of judicial process or ease of access to sources of proof, weighs in favor of granting transfer to the Northern District of Ohio. Essentially the balance of factors between the two venues weighs equally here,

and where the balance of relevant factors is equal, the movant has not carried its burden and the motion to transfer should be denied. *Houk*, 613 F. Supp. at 927.

## Conclusion

The Court finds Plaintiff has made a prima facie showing of venue and that Defendant has not carried its burden of showing a clear right to a transfer. Accordingly, Defendant's "Motion to Dismiss for Improper Venue Or, In the Alternative, Motion for Change of Venue" (doc. 6) is DENIED.

**IT IS SO ORDERED**

Date:  October 26, 2011                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT